UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL ANGEL ALVAREZ, et al.,

       Plaintiffs,                       Hon. Janet T. Neff

v.                                        Case No. 1:15 CV 417

PATRICK DAVIES d/b/a/
PD CONSTRUCTION,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiffs' Motion for Default Judgment</u>. (Dkt. #8). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' motion be **granted in part and denied in part**.

## BACKGROUND

Plaintiffs Miguel Angel Alvarez and Juan Rodas initiated this action on April 20, 2015, alleging that Defendant violated the Fair Labor Standards Act by failing to compensate them at the appropriate rate. (Dkt. #1). Defendant failed to answer Plaintiffs' complaint and on June 3, 2015, Default was entered against Defendant. (Dkt. #6). On June 24, 2015, Plaintiffs submitted the present motion for default judgment. (Dkt. #8). On October 2, 2015, the Court issued an Order to Show Cause directing Plaintiffs to show cause why their motion should not be denied "for failure to adequately and accurately document compliance with all of the requirements of the Federal Rules of Procedure regarding default judgment and the amounts sought, including legal fees and costs." (Dkt. #9). Plaintiffs

timely responded to the Court's Order to Show Cause. (Dkt. #10). Plaintiffs' response, however, still fails to justify or establish entitlement to the amounts sought. Accordingly, the undersigned recommends that Plaintiffs' motion be granted in part and denied in part as detailed herein.

## **ANALYSIS**

Federal Rule of Civil Procedure 55(b) provides as follows:

(b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

Because Plaintiffs are not seeking a sum certain or an amount that can be made certain by computation, this matter is governed by Rule 55(b)(2).[1] Rule 55 does not, however, articulate a

---

[1] While the calculation of the amount in wages Defendant unlawfully withheld from Plaintiffs, as well as the amount to award in fees and costs, can be determined by calculation, the question of whether Plaintiffs are entitled to liquidated damages is a legal matter which the Court must resolve. Thus, resolution of Plaintiffs' motion falls within the scope of Rule 55(b)(2).

standard by which motions for default judgment are to be evaluated. Rather, the Court is required to exercise "sound judicial discretion" in determining whether judgment should be entered. *See*, *e.g.*, *Commodity Futures Trading Commission v. Aurifex Commodities Research Co.*, 2008 WL 474227 at *1 (W.D. Mich., Feb. 15, 2008) (citing Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685). Moreover, this "element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right." *Hitachi Medical Systems America, Inc. v. Lubbock Open MRI, Inc.*, 2010 WL 1655536 at *1 (N.D. Ohio, Apr. 22, 2010) (quoting Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685).

Some of the factors relevant to determining whether default judgment is appropriate include: (1) whether the plaintiff has been prejudiced; (2) the merit's of the plaintiff's claim; (3) the amount sought in damages; (4) whether there exists the possibility of a dispute concerning material facts; and (5) whether the default was due to excusable neglect. *See*, *e.g.*, *Canal v. Dann*, 2010 WL 3491136 at *3 (N.D. Cal., Sept. 2, 2010). The Court must also recognize that "[t]rials on the merits are favored in the federal courts" and "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *Rhinehart v. Scutt*, 2010 WL 3701788 at *8 (E.D. Mich., Aug. 16, 2010).

The amount which Plaintiffs are seeking in judgment is not clear. In their motion for default judgment, Plaintiffs request $20,886.20. (Dkt. #8 at PageID.17). However, in response to the Court's Order to Show Cause, Plaintiffs request varying and inconsistent amounts. For example, on the first page of their Response to Order to Show Cause, Plaintiffs repeat their request for $20,886.20, but in the "Conclusion" section request only $19,230.70, neither of which is consistent with the amounts requested in the analysis portion of their pleading. (Dkt. #10 at PageID.25, 27, 35). The Court will, therefore, based upon the evidence submitted, calculate the amount to which Plaintiffs have properly

demonstrated entitlement. Plaintiffs' motion for default judgment consists of three distinct elements or requests: (1) underpayment of wages; (2) liquidated damages; and (3) attorneys fees and costs.

**I.        Underpayment of Wages**

Defendant was obligated under federal law to pay Plaintiffs the minimum hourly wage, as defined by federal law, for the first forty (40) hours worked each week and one and one-half times the minimum hourly wage for every hour worked thereafter each week (i.e., overtime). *See* 29 U.S.C. §§ 206-207. During the time period Plaintiffs worked for Defendant, the minimum wage was $7.25 per hour. *See* 29 U.S.C. § 206(a)(1). Accordingly, for purposes of calculating the amount Plaintiffs were underpaid by Defendant, the Court finds that Plaintiffs were entitled to be paid at the rate of $7.25 per hour and one and one-half times this rate ($10.88) for all overtime worked.

   A.        Plaintiff Rodas

In support of his request for default judgment, Plaintiff Rodas has submitted an affidavit in which he asserts:

   2.    I worked for the Defendant for 15 weeks.

   3.    During that time, I worked for 13 weeks in Lansing for the Defendant from 7am to 5 pm from Monday through Friday along with six Saturdays for 7 ½ hours each of those days.

   4.    I also worked two weeks in Grand Rapids from 8 am to 5 pm from Monday to Friday and two Saturdays for 5 hours each of those days.

(Dkt. #8 at PageID.20).

Based on this affidavit, the time Rodas worked for Defendant can be subdivided into three categories: (1) a seven week period during which he worked Monday through Friday from 7 a.m. to 5

p.m.; (2) a six week period during which he worked Monday through Friday from 7 a.m. to 5 p.m. and an additional 7.5 hours on Saturday; and (3) a two week period during which he worked Monday through Friday from 8 a.m. to 5 p.m. and an additional 5 hours on Saturday. With respect to the Monday through Friday time periods, the Court has deducted a daily one hour lunch period.

With respect to category (1), Plaintiff worked 45 hours weekly which correlates to unpaid wages in the amount of $344.40 per week (40 hours multiplied by $7.25 plus 5 hours multiplied by $10.88). This amount multiplied by seven weeks equals $2,410.80 in unpaid wages. With respect to category (2), Plaintiff worked 52.5 hours weekly which correlates to unpaid wages in the amount of $426.00 per week (40 hours multiplied by $7.25 plus 12.5 hours multiplied by $10.88). This amount multiplied by six weeks equals $2,556.00 in unpaid wages. With respect to category (3), Plaintiff worked 45 hours weekly which correlates to unpaid wages in the amount of $344.40 per week (40 hours multiplied by $7.25 plus 5 hours multiplied by $10.88). This amount multiplied by two weeks equals $688.80 in unpaid wages. Adding the aforementioned amounts together results in a conclusion that Plaintiff Rodas is owed five thousand, six hundred, fifty-five dollars and sixty cents ($5,655.60) in unpaid wages.

B.  Plaintiff Alvarez

In support of his request for default judgment, Plaintiff Alvarez has submitted an affidavit in which states as follows:

2.  I worked for the Defendant for 2 weeks.

3.  During that time, I worked for two weeks in Grand Rapids from 8 am to 5 pm from Monday to Friday and two Saturdays for 5 hours each of those days.

(Dkt. #8 at PageID.21).

Based on this affidavit, Plaintiff Alvarez worked 45 hours weekly[2] which correlates to unpaid wages in the amount of $344.40 per week (40 hours multiplied by $7.25 plus 5 hours multiplied by $10.88). This amount multiplied by two weeks equals $688.80 in unpaid wages. Accordingly, Plaintiff Alvarez is owed six hundred, eighty-eight dollars and eighty cents ($688.80) in unpaid wages.

**II.         Liquidated Damages**

Plaintiffs argue that they are also entitled to liquidated damages in an amount equal to their unpaid wages. The Fair Labor Standards Act [FLSA] provides that "any employer who violates [the minimum and overtime wage provisions of the FLSA] shall be liable to the employee. . .in the amount of their unpaid [wages]. . .and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages under the FLSA "are compensation, not a penalty or punishment." *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 840 (6th Cir. 2002). Moreover, unless the employer demonstrates that his failure to comply with the FLSA was in good faith, the "district court has no power or discretion" to not award liquidated damages. *Id.* By virtue of his default and failure to otherwise defend this action or the present motion, Defendant has failed to meet his burden to demonstrate that his violation of the FLSA was in good faith. Accordingly, the Court finds that Plaintiff Rodas is entitled to liquidated damages in the amount of five thousand, six hundred, fifty-five dollars and sixty cents ($5,655.60) and that Plaintiff Alvarez is entitled to liquidated damages in the amount of six hundred, eighty-eight dollars and eighty cents ($688.80).

---

[2] Just as with Plaintiff Rodas, the Court has deducted a daily one hour lunch period with respect to the Monday through Friday time periods.

**III.      Attorney Fees and Costs**

Finally, Plaintiffs request five thousand, thirty-two dollars and fifty cents ($5,032.50) in attorney fees and costs. For the reasons articulated in Plaintiffs' response to the Court's Order to Show Cause, the Court finds that the amount requested is appropriate and reasonable. Accordingly, the Court finds that Plaintiffs are entitled to five thousand, thirty-two dollars and fifty cents ($5,032.50) in attorney fees and costs.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiffs' Motion for Default Judgment, (Dkt. #8), be **granted in part and denied in part**. Specifically, the undersigned recommends that default judgment be entered against Defendant in the amount of seventeen thousand, seven hundred, twenty-one dollars and thirtty cents ($17,721.30) as detailed herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 1, 2015         /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge